# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DEAN ANGELO, JR., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JAMES MORIARTY, )<br>)<br>Defendant. ) | Case No. 15 C 8065 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On September 14, 2015, Plaintiffs Dean Angelo, Jr., Fernando Flores, Allen Jaglowski, Rick King, Timothy Murphy, Daniel Shields, Danny Stover, and Michael Underwood filed a five-count Complaint against Defendant James Moriarty alleging violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq*. ("Wiretap Act" or "Title III") pursuant to the Court's original jurisdiction. *See* 28 U.S.C. § 1331. Plaintiffs also bring claims based on the Illinois Eavesdropping Statute, 720 ILCS 5/14-1, *et seq.,* and a common law claim of intrusion upon seclusion pursuant to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).   Before the Court is Defendant's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendant's motion to dismiss. Due to the circumstances surrounding this lawsuit, along with Plaintiffs' admissions in their Complaint, any attempt to re-allege the present claims would be futile, and thus the Court dismisses this lawsuit in its entirety. *See O'Gorman v. City of Chicago,* 777 F.3d 885, 889 (7th Cir. 2015) ("A complainant can plead himself out of court by including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law."); *see also*

*Gonzalez-Koeneke v. West,* 791 F.3d 801, 807 (7th Cir. 2015).

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining the sufficiently of a complaint under the plausibility standard, courts "accept the complaint's well-pleaded facts as true and construe the allegations in the light most favorable to the plaintiff." *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir. 2014). That being said, a plaintiff can "plead himself out of court by including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

**BACKGROUND**

Plaintiffs allege that during the month of September 2013, they and Defendant Moriarty served on the Board of Directors for the Fraternal Order of Police, Chicago Lodge No. 7 ("FOP #7"). (R. 1, Compl. ¶ 5.) On September 23, 2013, the Executive Assistant to then-President of FOP #7, Michael Shields, sent a special Board of Directors meeting notice informing the Board that a special meeting was scheduled for September 26, 2013. (*Id*. ¶ 6.) According to Plaintiffs, on September 23, 2013, Executive Assistant Doreen Plachta ("Plachta") sent a subsequent email to every Board member stating: "Board Members, Sidney Davis, the Recording Secretary, has asked me to send the Board of Directors the agenda for the special Board Meeting scheduled for Thursday, September 26, 2013.  Please keep this information completely confidential." (*Id*. ¶ 7.) Attached to Plachta's email were charges brought by an FOP #7 Member, Carlos Cortes ("Cortes"), against Shields alleging violations of the FOP #7's Constitution and By-Laws. (*Id.* ¶ 8.) In Cortes' charges, he requested that First Vice-President of FOP #7 assign a committee to conduct a hearing and stated that if the committee found Shields violated the Constitution and By-Laws, the Board should remove him from office. (*Id.* ¶ 9.)

Furthermore, Plaintiffs allege that on September 26, 2013, the following members of the FOP #7 Board of Directors met during a special meeting to discuss charges brought against Shields, namely, Rich Aguilar, William Burns, Mark Donahue, Fernando Flores, Anna Hanley, John Lipka, Timothy Murphy, Ron Shogren, Michael Underwood, Dean Angelo, Jr., John Capparelli, Frank DiMaria, Bill Dougherty, Danny Gorman, Allen Jaglowski, James Moriarty, Daniel Shields, Danny Stover, Terry Collins, Denis Doherty, Kevin Graham, Rick King, Timothy Moriarty, Michael Shields, and Danny Trevino. (*Id.* ¶ 10.) They held the special

meeting in a board room in the FOP #7 office and only members of the Board of Directors, plus Cortes attended. (*Id*. ¶ 11.) The sole purpose of the special meeting was to reach a decision on how to proceed with Cortes' charges against Shields. (*Id*. ¶ 12.) Plaintiffs further assert that, upon information and belief, Defendant intentionally, willfully, and surreptitiously recorded the Board's meeting on September 26, 2013 with a recording device. (*Id*. ¶ 13.) Moreover, Plaintiffs allege that they did not consent to having their conversation recorded during the course of the special meeting. (*Id*. ¶ 14.)

After the special meeting concluded, Plachta sent another email to each of the Board members attaching revised charges from Cortes, and again, requesting that the Board members keep the charges confidential. (*Id*. ¶ 15.) Further, Plaintiffs allege that – upon information and belief – on September 30, 2013, Defendant Moriarty intentionally and willfully posted two videos (with audio) of the September 26, 2013 meeting on YouTube.com. (*Id*. ¶ 16.) Plaintiffs contend that Defendant posted the videos of Plaintiffs because of the vote to allow Shields the right to select the committee members to hear the charges brought against him. (*Id*. ¶ 17.) Plaintiffs further allege that this "publication was highly offensive or objectionable to a reasonable person due, in part, to the implication set forth in the YouTube videos that the Plaintiffs ratified or allowed then-President of FOP #7 Michael Shields to violate the FOP's Constitution and By-Laws." (*Id*. ¶ 18.)

## ANALYSIS

### I.  Res Judicata

In his motion to dismiss, Defendant Moriarty first argues that the doctrine of res judicata bars Plaintiffs' claims based on the Circuit Court of Cook County's ruling regarding the FOP

4

#7's petition for discovery in *Fraternal Order of Police, Chicago Lodge #7 v. Google, Inc.,* Case No. 2014 L 000713. Because the earlier adjudication was in an Illinois state court, the Court applies Illinois' res judicata principles. *See Bonnstetter v. City of Chicago,* \_\_\_ F.3d \_\_\_, 2016 WL 403215, at \*5 (7th Cir. Feb. 3, 2016); *Adams v. Adams,* 738 F.3d 861, 865 (7th Cir. 2013). Under Illinois law, "[r]es judicata applies if there is (1) a final judgment on the merits in an earlier action; (2) an identity of the causes of action; and (3) an identity of parties or their privies." *Ennenga v. Starns,* 677 F.3d 766, 776 (7th Cir. 2012) (citing *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 889 (1998)); *see also Empress Casino Joliet Corp. v. Johnston,* 763 F.3d 723, 727 (7th Cir. 2014).

Under the circumstances, Defendant cannot fulfill the first requirement of res judicata under Illinois law because the Illinois Circuit Court's earlier discovery decision was not a final judgment on the merits. To clarify, the underlying Illinois decision was pursuant to Illinois Supreme Court Rule 224, which allows for limited discovery to "ascertain 'the identity of one who may be responsible in damages.'" *Low Cost Movers, Inc. v. Craigslist, Inc.*, \_\_\_ N.E.3d \_\_\_, 2015 WL 8966925, at \*4 (1st Dist. Dec. 15, 2015) (quoting Ill. S.Ct. R. 224(a)(1)). In other words, "Rule 224 allows someone who has been injured, but needs to identify who may be liable for damages, to file an independent action seeking a court order allowing limited discovery." *Allen v. Peoria Park Dist.*, 968 N.E.2d 1199, 1202, 360 Ill.Dec. 446 (3d Dist. 2012). Illinois courts have repeatedly held that the purpose of a Rule 224 petition for discovery is "to identify a party that may be responsible—not to establish actual liability." *Low Cost Movers,* 2015 WL 8966925, at \*5; *see also Gaynor v. Burlington N. & Santa Fe Ry.,* 322 Ill. App. 3d 288, 291, 750 N.E.2d 307, 255 Ill. Dec. 726 (5th Dist. 2001) ("Rule 224 allow[s] a search for identity, not

5

responsibility"); *Beale v. EdgeMark Fin. Corp.,* 279 Ill. App. 3d 242, 252, 664 N.E.2d 302, 215 Ill.Dec. 905 (1st Dist. 1996) ("[o]nly the name of the individual or entity bearing such connection may be ascertained," therefore, "petitioner may not seek further discovery of facts pertaining to any actual wrongdoing.").

Accordingly, Defendant's res judicata argument fails because he cannot establish that there was a final judgment on the merits in the earlier Illinois decision due to the nature of the earlier proceeding, namely, the Rule 224 discovery action – which is a procedural mechanism used by litigants in the Illinois courts for the sole purpose of identifying a responsible party for a future lawsuit. *See Alemayehu v. Boeing Co.,* 10 C 3147, 2010 WL 3328278 (N.D. Ill. Aug. 18, 2010) (Rule 224 is merely "a tool for a party to use to obtain information as a precursor to the filing of a civil action"); *Stone v. Paddock Publications, Inc.,* 961 N.E.2d 380, 399, 356 Ill.Dec. 284 (1st Dist. 2011) ("a Rule 224 denial is not a final judgment on the merits of petitioner's claim" for purposes of res judicata) (Salone, J., concurring). The Court thus turns to Defendant's arguments regarding Plaintiffs' substantive allegations.

## II. Illinois Eavesdropping Statute Claims – Counts III and IV

In Counts III and IV of the Complaint, Plaintiffs allege unlawful interception and publication claims pursuant to the Illinois Eavesdropping Act. *See* 720 ILCS 5/14-2(a). The parties recognize that in 2014, the Illinois Supreme Court held certain portions of Illinois' eavesdropping statute unconstitutional. *See People v. Clark,* 6 N.E.3d 154, 162, 379 Ill.Dec. 77 (2014) (holding 720 ILCS 5/14–2(a)(1)(A) unconstitutional); *People v. Melongo,* 6 N.E.3d 120, 379 Ill.Dec. 43 (2014) (holding 720 ILCS 5/14–2(a)(1),(3) unconstitutional on its face and as

6

applied)).[1]  Plaintiffs nonetheless argue that the Court should apply the pre-1994 Illinois Eavesdropping Act to Defendant Moriarty's conduct in relation to the September 2013 Board meeting.  On the other hand, Defendant argues that the doctrine of void *ab initio* must be strictly construed to apply retroactively, thus voiding the Illinois Eavesdropping Act from its inception.

As the Illinois Supreme Court teaches, "the void *ab initio* doctrine does not mean that a statute held unconstitutional 'never existed.'"  *People v. Blair,* 986 N.E.2d 75, 81, 369 Ill.Dec. 126 (2013).  "[T]o construe the void *ab initio* doctrine as rendering a statute nonexistent is tantamount to saying that this court may repeal a statute," which "would contravene our separation of powers clause."  *Id.* (citing Ill. Const. 1970, art. II, § 1.)  The Illinois Supreme Court further explained that because the power to enact and repeal laws resides in the Illinois General Assembly, "when we declare a statute unconstitutional and void *ab initio,* we mean only that the statute was constitutionally infirm from the moment of its enactment and is, therefore, unenforceable.  As a consequence, we will give no effect to the unconstitutional statute and instead apply the prior law to the parties before us."  *Blair,* 986 N.E.2d at 82; *see also Perlstein v. Wolk,* 218 Ill. 2d 448, 471, 844 N.E.2d 923, 300 Ill.Dec. 480 (2006) ("although this court may declare a statute unconstitutional, it cannot erase the fact of the statute's existence"); *People v. Gersch,* 135 Ill. 2d 384, 390, 553 N.E.2d 281, 142 Ill.Dec. 767 (1990) ("The effect of enacting an unconstitutional amendment to a statute is to leave the law in force as it was before the adoption of the amendment.").  The Court therefore turns to the pre-1994 version of the Illinois Eavesdropping Act and the relevant case law to determine whether Plaintiffs have stated a claim

---

[1]  In 2014, the Illinois General Assembly amended the relevant sections of the Illinois Eavesdropping Act after the *Clark* and *Melongo* decisions.  *See* Public Act 98-1142, § 5, eff. Dec. 30, 2014.

7

under the federal pleading standards.

The pre-1994 version of the eavesdropping statute stated in relevant part that a "person commits eavesdropping when he: (a) [u]ses an eavesdropping device to hear or record all or any part of any conversation unless he does so (1) with the consent of all of the parties to such conversation or (2) in accordance with Article A or Article 108B of the 'Code of Criminal Procedure of 1963.'" *People v. Herrington,* 163 Ill. 2d 507, 509, 645 N.E.2d 947, 206 Ill.Dec. 705 (1994) (quoting Ill.Rev.Stat. 1991, ch. 38, par 14-2(a)). Prior to the 1994 *Herrington* decision, the Illinois Supreme Court held that the "primary factor in determining whether the defendant in this case committed the offense of eavesdropping ... is whether the officers/declarants intended their conversation to be of a private nature under circumstances justifying such expectation." *People v. Beardsley,* 115 Ill.2d 47, 503 N.E.2d 346, 349-50, 104 Ill.Dec. 789 (1986); *see also Bender v. Bd. of Fire & Police Comm'rs of Vill. of Dolton,* 183 Ill. App. 2d 562, 563, 539 N.E.2d 234, 131 Ill. Dec. 881 (1st Dist. 1989) ("*Beardsley* held, in relevant part, that the eavesdropping statute did not prohibit the recording of a conversation by a party to the conversation."). Based on the *Beardsley* and *Bender* decisions, the *Herrington* court concluded that "there can be no expectation of privacy by the declarant where the individual recording the conversation is a party to that conversation." *Id.* at 510. Adopting language from the *Bender* decision, the *Herrington* court held that "no eavesdropping occurs where an individual to whom statements are made or directed records them, even without the knowledge or consent of the person making the statements, because the declarant does not intend to keep his statements private *vis-a-vis* that individual." *Herrington,* 163 Ill. 2d at 510-11. After the *Herrington* decision, the Illinois General Assembly amended the Act in 1994 prohibiting "any

oral communication between 2 or more persons regardless of whether one or more of the parties intended their communication to be of a private nature under circumstances justifying that expectation" effectively overriding the *Beardsley* and *Herrington* decisions. *See American Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 587 (7th Cir. 2012) (quoting Ill. Pub. Act 88–677 (1994)).

Based on the pre-1994 amendments to the eavesdropping statute and the Illinois Supreme Court's interpretation of the statute, Plaintiffs cannot allege a violation of the statute because they admit that the person recording the September 2013 meeting, Defendant Moriarty, attended the meeting as a Board member and was a party to the conversation. (Compl. ¶¶ 5-13.) In other words, despite Plaintiffs' argument that the conversation was private, under the Illinois Supreme Court's pre-1994 interpretation of the statute, because Defendant Moriarty was a party to this conversation, Plaintiffs cannot establish a violation of the Act. *See People v. Cole,* 186 Ill. App. 3d 1002, 1006, 542 N.E.2d 1145, 134 Ill.Dec. 638 (1989); *see also Thomas v. Pearl*, 793 F. Supp. 838, 845 (C.D. Ill. 1992) ("Under *Beardsley,* if a conversation is not private, then disclosing the contents of that conversation, whether verbally or by distributing a tape, cannot be unlawful.").

The Court recognizes that "the purpose of the 1994 amendments was to make clear, in contrast to *Beardsley*'s interpretation, that the consent of all parties to recording a conversation is required, regardless of whether the parties intended their conversation to be private." *Clark*, 6 N.E.3d at 159. Nonetheless, Plaintiffs ask the Court to apply the pre-1994 eavesdropping statute and in doing so, the Court cannot ignore the applicable Illinois Supreme Court's jurisprudence concerning the Act at that time. The Court therefore grants Defendant Moriarty's motion to

dismiss Counts III and IV of the Complaint.

## III. Intrusion Upon Seclusion Claim – Count V

Next, in Count V of their Complaint, Plaintiffs allege the common law tort of intrusion upon seclusion – which is a form of an invasion of privacy claim – against Defendant Moriarty. The Illinois Supreme Court has cited with approval the Restatement (Second) of Torts' definition of intrusion upon seclusion, which states: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Lawlor v. North Am. Corp. of Illinois,* 983 N.E.2d 414, 424, 368 Ill. Dec. 1 (2012) (quoting Restatement (Second) of Torts § 652B, at 378 (1977)). The common law claim of intrusion upon seclusion includes the following elements: "(1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive or objectionable to a reasonable person; (3) that the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering." *Jacobson v. CBS Broad., Inc.,* 19 N.E.3d 1165, 1180, 386 Ill.Dec. 12 (1st Dist. 2014). It is well-settled in Illinois, that "the nature of this tort depends upon some type of highly offensive prying into the physical boundaries or affairs of another person," and that "[t]he basis of the tort is not publication or publicity." *Lovgren v. Citizens First Nat'l Bank of Princeton,* 126 Ill. 2d 411, 416-17, 534 N.E.2d 987, 128 Ill.Dec. 542 (1989); *see also Thomas v. Pearl,* 998 F.2d 447, 452 (7th Cir. 1993) ("a plaintiff fails to state a claim for invaded seclusion if the harm flows from publication rather than the intrusion"). In short, "the core of this tort is the offensive prying into the private domain of another." *Lovgren*, 126 Ill.2d at 417.

Plaintiffs allege that by surreptitiously recording the Board's meeting in September 2013, Defendant Moriarty intruded upon their private, confidential meeting that was not meant to be shared with anyone who did not attend the meeting. Further, Plaintiffs allege that Defendant intentionally posted two recordings of the meeting to YouTube.com and that this "publication was highly offensive or objectionable to a reasonable person due, in part, to the implication set forth in the YouTube videos that the Plaintiffs ratified or allowed then-President of FOP #7 Michael Shields to violate the FOP's Constitution and By-Laws." (*Id.* ¶ 18.) Under these allegations, Plaintiffs' injury resulted from Defendant uploading the video recordings on YouTube, yet under Illinois law, the injury must flow from the intrusion, in this case the actual making of the videos, and not any such publication. *See Thomas,* 998 F.2d at 452; *see also Karraker v. Rent-A-Center, Inc.,* 239 F. Supp. 2d 828, 838 (C.D. Ill. 2003) ("The key distinction of this privacy tort is that the injury stems from the intrusion itself and not from any publication."). Indeed, in *Lovgren*, the Illinois Supreme Court concluded that the plaintiff had failed to adequately allege the tort of intrusion upon seclusion because "the alleged offensive conduct and subsequent harm resulted from the defendants' act of publication, not from an act of prying." *See* 126 Ill.2d at 417. In other words, Plaintiffs have pleaded themselves out of court by admitting that Defendant's publication of the videos on YouTube caused their injury. *See O'Gorman,* 777 F.3d at 889. The Court therefore grants Defendant's motion in this respect.

## IV.    Federal Wiretap Act Claims – Counts I and II

In Counts I and II of their Complaint, Plaintiffs allege that Defendant violated the Federal Wiretap Act by intentionally intercepting an oral communication and disclosing it. *See* 18 U.S.C. § 2511(1)(a), (c). Because Plaintiffs allege that Defendant Moriarty was a party to the

11

communication, as discussed above, § 2511(2)(d) of the Wiretap Act applies, which states in its entirety:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(d); *see also In re High Fructose Corn Syrup Antitrust Litig.,* 216 F.3d 621, 624 (7th Cir. 2000) ("Some states prohibit a person from recording his telephonic or other conversations without the other person's consent, but Title III does not, unless the person both is not acting under color of state law and has a criminal or tortious purpose."). Thus, under § 2511(2)(d), Plaintiffs must allege that in recording the September 2013 meeting, Defendant Moriarty either broke the law or committed a tort. *See Thomas,* 998 F.2d at 451.

Here, Plaintiffs argue that Defendant Moriarty intercepted the communications at the meeting for the purpose of violating their right to privacy via the Illinois Eavesdropping Act and the common law tort of intrusion upon seclusion. As discussed, Plaintiff has not and cannot allege any such claims due to the circumstances surrounding this lawsuit. Accordingly, the Court grants Defendant Moriarty's motion to dismiss Plaintiffs' Wiretap Act claims.

## CONCLUSION

For these reasons, the Court grants Defendant's motion to dismiss and dismisses this lawsuit in its entirety. Civil case terminated.

**Dated:** February 18, 2016

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**